Robert Hartmann (CA SBN 128705)
The Hartmann Law Firm
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(714) 543-2266 (Telephone)
(714) 543-8155 (Facsimile)
bob@hartmannlawfirm.net (E-mail)

Attorney for Defendant
GARY RAY BASSETT

**GRANTED**

*[Signature]*
Judge James Ware

10/30/2009

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY RAY BASSETT,<br><br>Defendant. | Case No. CR-08-00865 JW<br><br>**STIPULATON TO CONTINUE STATUS CONFERENCE** |

Plaintiff United States of America, by and through its attorney of record Assistant United States Attorney Joseph Fazioli, and defendant Gary Bassett by and through his counsel of record Robert Hartmann, hereby stipulate as follows:

1. The Indictment in this case was filed, and an arrest warrant issued, on December 4, 2009. Defendant Bassett first appeared before a judicial officer of the United States District Court for the Southern District of Texas on May 4, 2009.

2. Defendant Bassett first appeared before a judicial officer of the court in which the charges in this case are pending on May 19, 2009, and was arraigned on that date. The Speedy Trial Act, 18 U.S.C. § 3161, required that defendant Bassett's trial commence on or before July 27, 2009.

3. On June 8, 2009, the Court set a Status Conference for defendant Bassett for August 24, 2009. The Court excluded time from June 8, 2009 through August 24, 2009 to accommodate prior counsel's review of voluminous discovery; defense preparation and continuity of defense counsel.

4. On August 24, 2009, the Court set a further Status Conference for defendant Bassett for September 28, 2009 at 1:30 p.m. The Court excluded time from August 24, 2009 through September 28, 2009 due to defendant's medical hospitalization and the party's efforts to resolve this case short of trial.

5. On September 25, 2009, the Court set a further Status Conference for defendant Bassett for November 2, 2009 at 1:30 p.m. The Court excluded time from September 28, 2009 through November 2, 2009, so that defendant's new counsel Robert Hartmann could prepare.

6. Defendant Bassett is in-custody pending trial in the instant action.

7. By this stipulation, the parties jointly move to continue the Status Conference to December 14, 2009 at 1:30 p.m.

8. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant Bassett is charged with wire fraud (18 U.S.C. § 1343) in counts one through five and mail fraud (18 U.S.C. § 1341) in counts six through ten.

   b. The government has produced discovery to prior counsel; new counsel received that discovery last month.

   c. In light of the foregoing, counsel for defendant Bassett represents that

additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Counsel for defendant also represents that he requires additional time to evaluate possible settlement options. Defense counsel represents that failure to grant the continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. Defense counsel has recently completed two trials in the month of October; *People of the State of California v. Tooraj Nakhei*, case no. 08HF1345 (sexual assault and stalking) and *People of the State of Wan Tin*, case no LA. 6CA25854 (harassment, violation of protective orders and annoying phone calls – victim is Los Angeles County Superior Court judge) and respectfully needs additional time per the above paragraph.

    e. The government does not object to the continuance.

    f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or defense, or failure on the part of the attorney for the government to obtain available witnesses.

9. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 2, 2009 to December 14, 2009, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161 (h) (7) (A), (h) (7) (B) (i), (h) (7) (B) (iv), and (h) (3) (A) because the delay results from a continuance granted by the Court at the defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) the failure to grant the

continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) the failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

October 30, 2009            _____/s/_____
                            JOSEPH A. FAZIOLI
                            Assistant United States Attorney
                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

IT IS SO STIPULATED.

I am GARY BASSETT's attorney and have carefully discussed with my client the above-referenced stipulation and the continuance of the Status Conference. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them and agrees to the stipulation. I believe that my client's decision to give up the right to be brought to trial sooner than December 14, 2009 is an informed and voluntary one.

October 30, 2009            _____/s/_____
                            ROBERT HARTMANN
                            Attorney for Defendant
                            GARY BASSETT

Robert Hartmann (CA SBN 128705)
The Hartmann Law Firm
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(714) 543-2266 (Telephone)
(714) 543-8155 (Facsimile)
bob@hartmannlawfirm.net (E-mail)

Attorney for Defendant
GARY RAY BASSETT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY RAY BASSETT,<br><br>Defendant. | Case No. CR-08-00865 JW<br><br>[PROPOSED] FINDINGS AND ORDER RE: CONTINUANCE OF THE STATUS CONFERENCE AND EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Status Conference Date: November 2, 2009<br><br>[Proposed] New Date: December 14, 2009 |

In light of the Stipulation of the parties, and good cause appearing therein, IT IS HEREBY FOUND AND ORDERED as follows:

1. Pursuant to 18 U.S.C. § 3161 (h) (8) (A), the Court finds that the failure to grant the requested continuance would deny counsel for defendant the time reasonable and necessary for effective trial preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice

-5-

served by continuance of the trial date outweigh the best interest of the public and defendant in a speedy trial. Accordingly, the time from November 2, 2009 to December 14, 2009 is excludable under the Speedy Trial Act.

2. The Status Conference is continued from November 2, 2009 to December 14, 2009 at 1:30 p.m.

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period which trial must commence.

DATED: October __30__, 2009

HONORABLE JAMES WARE
UNITED STATES DISTRICT COURT JUDGE